The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. The Full Commission, in their discretion, have heard further argument and have accepted further evidence as to the procedural history of this claim.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. At the time of the alleged contraction of an occupational disease, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At that time, an employer-employee relationship existed between plaintiff and defendant-employer.
3. At the time in question, National Union Fire Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $265.60.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, and make additional findings of fact as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was 39-year-old woman who had been employed by defendant-employer since June of 1988.
2. Plaintiff's duties with defendant-employer included lifting chicken from a bin on her right side and placing the chicken on a belt with her left hand. Plaintiff used her left arm only because her right arm was crippled and not able to be used.
3. Plaintiff's average weekly wage was $265.60.
4. On approximately 7 December 1989, plaintiff went to first-aid at defendant-employer and told the nurse that her hand was going numb and was tingling.
5. Plaintiff had continued tingling in her left arm from December 1989 to April 1990.
6. Plaintiff eventually had carpal tunnel surgery performed by Dr. Bevins in Chapel Hill in June of 1990.
7. Plaintiff had no problems with her left arm prior to her employment with defendant-employer.
8. Plaintiff has not worked since her surgery and has continual pain in her left arm.
9. From 29 March 1990 through 12 September 1990, plaintiff drew thirteen weeks of disability and medical benefits from a group accident and sickness disability policy, provided in total by defendant-employer.
10. No medical evidence in support of plaintiff's claim was offered into evidence.
11. There is no evidence of record that plaintiff's carpal tunnel disease was due to causes and conditions characteristic of and peculiar to her employment with defendant-employer.
12. There is no evidence of record that plaintiff's employment placed her at an increased risk of contracting carpal tunnel disease in her left wrist.
13. This case was originally heard before Deputy Commissioner W. Joey Barnes in Wilkesboro on 11 October 1991. By Order dated 17 October 1991, the parties were allowed sixty days to submit to the Commission stipulated medical reports or to take the depositions of Drs. Richard Adams, Abner Bevins, Stephen G. Fleming, and John Beard at defendants' expense. Upon the completion of these depositions the parties were to submit contentions and/or a proposed Opinion and Award. By Order dated 2 April 1992, the Deputy Commissioner closed the record in this matter since neither depositions nor any communication from either party was received by the Commission. In addition, the Opinion and Award was not filed until June 25, 1992.
14. Plaintiff in his brief has tried to explain that the parties were unable to get Dr. Bevins' deposition within this period of time and that before the parties could get him to agree to a deposition, an Order was entered closing the file. There is no indication in plaintiff's brief or in the Industrial Commission file that plaintiff ever corresponded to explain this situation to the Deputy Commissioner or to attempt to gain an extension of time before the record closed or before the Opinion and Award was filed. In fact, almost six months rather than six weeks actually passed before Deputy Commissioner Barnes closed the record after failing to receive any medical records or depositions or any correspondence/contentions from plaintiff explaining why they had not been received and asking the record to be held open. In addition, plaintiff only mentions the deposition of Dr. Bevins and makes no explanation even to this date as to why no records at all were submitted.
15. Plaintiff was represented by an attorney throughout all proceedings in question up to and including the date of this review.
16. Following plaintiff's appeal of the June 25, 1992 Opinion and Award, transcripts were mailed to all parties on August 17, 1992. Plaintiff to date has not filed a Form 44 alleging errors in the case. On October 25, 1993, defendants filed a motion to dismiss plaintiff's appeal due to plaintiff's failure to comply with Rule 701(4). On October 26, 1993, plaintiff filed a brief to the Full Commission. Pursuant to Rule 801, in the interest of justice, briefing deadlines are waived, and oral argument was considered in the matter.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. A plaintiff claiming a right to compensation for an occupational disease has the burden of proving each and every element of compensability. Moore v. J. P. Stevens and Co.,47 N.C. App. 744, 269 S.E.2d 159 (1980).
2. In order for an occupational disease to be compensable under N.C. Gen. Stat. § 97-53(13), it must be shown that the disease was due to causes and conditions characteristic of and peculiar to the employment and that the employment placed the worker at a greater risk than the general public of contracting the disease. Booker v. Duke Medical Center, 297 N.C. 458,256 S.E.2d 189 (1979).
3. As there is neither evidence of record that plaintiff's disease was due to causes and conditions characteristic of and peculiar to her employment nor that her employment with defendant-employer placed her at a greater risk of contracting a disease than the general public, plaintiff has failed to meet her burden. Id.; N.C. Gen. Stat. 97-53(13).
4. Plaintiff argues that plaintiff should have an adjudication of her claim "in an orderly fashion" and requests the Industrial Commission to vacate the Order of Deputy Commissioner Barnes and allow her to obtain this medical testimony. Plaintiff was allowed a full adjudication and hearing of her claim. The Full Commission, in its discretion may allow additional testimony or depositions into the record.
However, the Full Commission has determined that as plaintiff was represented by counsel throughout, and as the Deputy Commissioner allowed more than adequate time for obtaining medical records and deposition, the Deputy Commissioner was entirely correct in filing an Order which closed a case that was dragging on indefinitely without any explanation as to its delay and without even contentions being filed.
This being the case, the Full Commission look at the case as it exists in the official record of the proceedings and determine that the plaintiff did not sufficiently prove her claim for compensation under N.C.G.S. 97-57(13).
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
Defendant's motion to dismiss the appeal on procedural grounds is DENIED.
2. Each side shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission docket.
This the __________ day of ________________________, 1994.
 S/ ___________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ___________________ J. RANDOLPH WARD COMMISSIONER
S/ ___________________ GREGORY M. WILLIS DEPUTY COMMISSIONER
JHB/nwm 03/02/94